## SPENCER, RESPONDENT, *v.* SPENCER, APPELLANT.

(No. 2,011.)

(Submitted November 16, 1904.   Decided January 25, 1905.)

*Wills—Probate—Revocation — Contest—New Trial—Instructions—Judgment Roll—Special Findings—Dissenting Jurors—Opinion Evidence.*

Wills—Probate—Settlement of Estates—Statutes.
   1.   The probate of wills and the settlement of estates are not governed by the general law relating to actions, proceedings and judgments, but are, in the main, provided for by statute, and, in so far as the statute has spoken, its declarations are final.

Wills—How Contested and Set Aside.
   2.   Where there is a proper subject-matter, neither the order admitting a will to probate, nor the order of final distribution, is void, and neither can be contested or set aside except in the manner and within the time fixed by statute.

Wills—Contests—In Whose Favor Operative.
   3.   The successful contest of a will, after probate and distribution of the estate, by a minor on coming of age, operates only in his favor, and not in favor of those heirs who have lost their right to contest by a failure to institute proper proceedings within the time allowed by Section 2366 of the Code of Civil Procedure.

Executors—Distribution—Acquiescence—Estoppel.
   4.   An heir who has acquiesced in the settlement and final distribution of an estate, is estopped to call such settlement and distribution in question, or to compel the return of, or an accounting for, the property thus parted with by the executor or administrator in good faith.

New Trial—Newly Discovered Evidence—Affidavit.
   5.   Refusal of new trial, asked for on the ground of newly discovered evidence, is not error, in the absence of an affidavit showing that the evidence was not known to movant at the time of the trial.

Instructions—Judgment Roll—Appeal.

    6.   Unless instructions given, and those requested and refused, are made part of the judgment roll, they will not be considered on appeal.

Jury—Findings—Dissenting Jurors—Affidavits.

    7.   Special findings acquiesced in by the required two-thirds of a jury may not be set aside by reason of affidavits made by dissenting jurors that, in their opinion, the conclusion of the majority was reached by giving a wrong construction or too much weight to a part of the evidence.

New Trial—Jury—Fraud—Undue Influence—Evidence.

    8.   In the absence of a statute, and in order to secure freedom of thought, thorough discussion, and independence of action, as well as to prevent undue influence and fraud, the construction or weight given by the jury to evidence submitted to it, is not a subject of inquiry upon a motion for a new trial.

Findings—Issues—Harmless Error.

    9.   The submission of issues not raised by the pleadings is harmless, when the findings thereon, in view of the authorized findings, are immaterial, so far as the ultimate rights of the parties are concerned.

Verdict—Findings—Evidence—Conflict—Appeal.

    10.   Where there is a substantial conflict in the evidence a verdict or finding will not be disturbed on appeal.

Wills—Insanity—Non-Expert Witness—Opinion Evidence.

    11.   A non-expert witness, who detailed the circumstances relative to the mental condition of the testator for six months prior to the date of the will, upon which he based his conclusion that the decedent was not mentally competent to make a will, may give his opinion as to testator's competency.

Court Records—Best Evidence—Former Action.

    12.   The court records are the best evidence on the question of the disposition of a former action or proceeding.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

Will contest by James R. Spencer against John C. Spencer and John G. Porter. Judgment in favor of plaintiff. Defendants appeal from the judgment and from an order denying their motion for a new trial. Modified and affirmed.

*Mr. W. E. Carroll,* and *Mr. E. Scharnikow,* for Appellant.

A devisee is estopped to set up invalidity of will, when she has received and receipted for her share. (*Lilly* v. *Townsend,* 110 Mich. 253, 68 N. W. 136.) A decree setting aside the probate of a will at the suit of an heir arrived at full age, will not inure to the benefit of other heirs who permit the time allowed them for objection to such probate to pass without instituting a contest thereof. (*Samson* v. *Samson,* 64 Cal. 327, 30 Pac.

978; *Thompson* v. *Samson,* 64 Cal. 330, 30 Pac. 980; *Couts Estate,* 100 Cal. 400, 34 Pac. 865; *Rowland's Estate,* 74 Cal. 523, 16 Pac. 315, 5 Am. St. Rep. 464.)

Proof of testamentary incapacity must be reasonably certain and established by positive evidence. (*Chase* v. *Winans,* 59 Md. 475; *Grubbs* v. *McDonald,* 91 Pa. St. 236.)   The real question involved in the issue as to testamentary capacity is whether or not the testator, at the time of making the instrument purporting to be his will, had such mind and memory as to enable him to understand the particular business in which he was engaged. (*Smith* v. *Henline,* 174 Ill. 184, 51 N. E. 227; *Von DeVeld* v. *Judy,* 143 Mo. 348, 44 S. W. 1117; *Cash* v. *Lust,* 142 Mo. 630, 44 S. W. 724; *Roller* v. *Kling,* 150 Ind. 159, 49 N. E. 948; *Riley* v. *Sherwood,* 144 Mo. 354, 45 S. W. 1077; *Delaney* v. *Salina,* 34 Kan. 532; *Hubbard* v. *Hubbard,* 7 Ore. 42.)

On an issue as to mental capacity of a person, a lay witness cannot testify whether, in his opinion, he was rational or irrational, but must state the facts within his actual knowledge of the acts and conversations of such person, and then may say whether, in his judgment, such acts and conversations were those of a rational or irrational person. (*Paine* v. *Aldrich,* 133 N. Y. 544, 30 N. E. 725; *Holcomb* v. *Holcomb,* 95 N. Y. 316; *Johnson* v. *Cochrane,* 91 Hun. 165, 36 N. Y. Sup. 283; *Clapp* v. *Fullerton,* 34 N. Y. 190; *Prather* v. *McClelland,* (Tex.) 26 S. W. 657.)

A witness may not be permitted to answer a question as to condition of decedent six months before the date of execution of the will, it not being a part of the *res gestae.* (*Pierce* v. *Pierce,* 38 Mich. 412; *Runyan* v. *Price,* 15 Ohio St. 1; *Ellis* v. *Ellis,* 133 Mass. 469; *Legg* v. *Myer,* 5 Redf. 628; Sec. 3126, Code of Civil Procedure.)   A witness cannot be asked his "opinion as to the capacity of a testator to make a will." (*Runyan* v. *Price,* 15 Ohio St. 1, 86 Am. Dec. 459; *Hall* v. *Perry,* 87 Me. 569, 33 Atl. 160; *May* v. *Bradlee,* 127 Mass. 414.) Where some of the material findings are against evidence, and

others unsatisfactory or contradictory, it raises a presumption that the jury were influenced by prejudice or mistake, and a new trial should be granted. (*So. Kan. Ry.* v. *Michaels,* 49 Kan. 388, 30 Pac. 408; *Bagley* v. *Eaton,* 8 Cal. 159; *Roach* v. *Gilmer,* 3 Utah, 389, 4 Pac. 221; *Estate of Wilson,* 117 Cal. 262.)

Misconduct of jurors antecedent to the weighing of testimony is sufficient to authorize the granting of a new trial. (*Kruidinier* v. *Shields,* 70 Iowa, 428, 30 N. W. 681.)

*Mr. O. J. Saville,* for Respondent.

The decree of distribution operated as a judgment *in rem,* and could not be reopened, modified or set aside by any subsequent judgment which might be rendered in this cause. (Black on Judgments, Ed. of 1891, Vol. 2, Sec. 643; *Kearney* v. *Kearney,* 72 Cal. 591; Code of Civil Procedure, Sec. 2844.)

The supreme court can modify the judgment of the lower court on appeal, when the facts are before it, and justice can be done between parties. (*Gans* v. *Woolfolk,* 2 Mont. 458; Code of Civil Procedure, Sec. 21.)

Motions for a new trial on the ground of newly discovered evidence are regarded with distrust and disfavor, and the strictest showing of diligence and all other facts necessary is required. The moving party must show by his own affidavit that he did not know of this evidence and could not by exercise of due diligence have obtained it at the former trial. In order that such evidence may be considered upon the application for a new trial, it is necessary to be shown that the newly discovered evidence is not simply cumulative, that it is not to impeach an adverse witness, that it is material and is so important that it would probably change the verdict had it been in on the former trial. (*Bartlett* v. *Hodgen,* 3 Cal. 56; *Baker* v. *Joseph,* 16 Cal. 173; *Arnold* v. *Scaggs,* 35 Cal. 684; *Stoakes* v. *Monroe,* 36 Cal. 383; *People* v. *Ah Ton,* 53 Cal. 741; *Martin* v. *Hazard Powder Co.,* 2 Colo. 596; *Wilson* v. *Waldron,* 12 Wash. 149, 40 Pac.

746; *Ott* v. *Anderson,* 61 Pac. 330, 9 Kan. App. 320; *Klopen-sline* v. *Hays,* 57 Pac. 712, 20 Utah, 45.)

There being a substantial conflict in the testimony upon a given point, this court has no power to disturb the findings thereon. It can not try the case *de novo,* and thus invade the province of the trial court and jury, by passing upon disputed questions of fact, and the credibility of witnesses.. (*Nelson* v. *G. N. Ry. Co.,* 72 Pac. 642, and cases therein cited; *Babcock* v. *Maxwell,* 74 Pac. 64; *Ball* v. *Gussenhoven,* 74 Pac. 871.)

Affidavits of jurors are inadmissible to impeach their verdict,. except where it was arrived at by a resort to the determination of chance. (Hayne's New Trial and Appeal, Sec. 73; *Fredericks* v. *Judah,* 15 Pac. 305; *Griffiths* v *Montandon,* (Idaho) 39 Pac. 548.) Affidavits of dissenting jurors are not competent evidence to show misconduct. (*Saltzman* v. *Telephone Co.,* 58 Pac. 169, 125 Cal. 501.)

MR. COMMISSIONER POORMAN prepared the opinion for the court.

This is an appeal from a judgment and decree revoking the probate of a will, and from an order overruling a motion for a new trial.

James M. Spencer died in Deer Lodge county, Montana, October 12, 1891, leaving surviving him his widow, Fanny Spencer, his only daughter, Jane Porter, and his two sons, John C. and James R. Spencer. Afterwards a paper bearing date September 22, 1891, and purporting to be the last will and testament of said James M. Spencer, was offered for probate; and on December 5, 1891, an order of court was made admitting the same to probate, and appointing John C. Spencer executor thereof. At the time of the death of James M. Spencer all the children were over the age of twenty-one years, except James R. Spencer, who was born November 8, 1878. Under the terms of this alleged will, $5 were bequeathed to James R. Spencer, $5 to Jane Porter, and all the rest, residue and remainder of the estate was bequeathed to the widow, Fanny Spencer, and the

elder son, John C. Spencer, to be equally divided between them. The estate was administered in accordance with the terms of this alleged will, and the executor was finally discharged from his said trust in 1894.

The validity of the will was not questioned by any one until James R. Spencer, having attained his majority, and within one year thereafter, filed his petition contesting the will, and, as appears from the amended petition on which the case was tried, limiting the contest to two grounds: (1) Lack of mental capacity; and (2) fraud, menace and undue influence of John C. Spencer. The answer put in issue the facts stated in the petition, and alleged the due execution of the will. The case was tried to a jury, which returned findings to the effect (a) that James M. Spencer on the 22d day of September, 1891, did not have sufficient mental capacity to make a testamentary disposition of his property; (b) that he did not have sufficient physical strength to execute a will; (c) that he did not subscribe his name at the end of the instrument offered for probate; (d) that he did not acknowledge to the subscribing witnesses that his signature to the will was made by himself or by his authority; (e) that he did not declare to such witnesses that the instrument was his will; (f) that said witnesses did not sign their names to the instrument at the request of James M. Spencer; (g) that James M. Spencer was not on that day acting under duress, menace, fraud or undue influence of John C. Spencer. The court adopted these findings of the jury, and entered a decree setting aside the probate of the will, revoking the letters testamentary theretofore issued to John C. Spencer, and ordered letters of administration to be issued upon said estate to Fanny Spencer.

1. The appellant contends that the court erred in holding the former proceedings void *in toto,* and maintains that the probate of the will and the final order of distribution may not, in any event, in this proceeding, be set aside, except in so far as the rights of the contesting heir are concerned. The probate of wills and the settlement of estates are not governed by the

general law relating to actions, proceedings and judgments, but are, in the main, provided for by statute; and, in so far as the statute has spoken, its declarations are final. The doctrine of the indivisibility of judgments, discussed and considered in *Wells* v. *Wells et al.,* 144 Mo. 198, 45 S. W. 1095, does not apply.

Section 2366 of the Code of Civil Procedure provides: "If no person, within one year after the probate of a will, contest the same or the validity thereof, the probate of the will is conclusive; saving to infants and persons of unsound mind, a like period of one year after their respective disabilities are removed." The language of this statute is too plain to require either interpretation or construction. If the heir voluntarily permitting the time allowed by law to contest a will to elapse without making any objection, can profit by a successful contest instituted by one whose time has not elapsed, he accomplishes by indirection that which the law forbids him to do directly, and reopens a controversy which the statute says is concluded. As was said in *Thompson* v. *Samson,* 64 Cal. 330, 30 Pac. 980, in considering this identical question: "The result of sustaining this proposition is, of course, to hold that no purchaser at an executor's sale, and no purchaser from any heir, legatee or devisee, made even after final distribution, can ever be secure in his purchase until the expiration of one year after every infant and person of unsound mind who may be interested in the estate shall have been relieved of their respective disabilities."

Our statute saves to persons not *sui juris* one year after the removal of their disabilities within which to contest the probate of a will. It also provides for the probate of a document purporting to be the will of a deceased person, for the hearing of the petition, the establishment of the will by proper proof, and the administration and final distribution to the persons entitled thereto. And such order and final distribution "is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside or modified on appeal." (Sections 2844, 3196, Code of Civil Procedure.) All these statutes must be construed together.

Where there is a proper subject-matter, neither the order admitting a will to probate nor the order of final distribution is void, and neither can be contested or set aside except in the manner and within the time fixed by statute; nor can one against whom by lapse of time these proceedings have become "conclusive" avail himself of proceedings instituted and carried to a successful conclusion by one against whom the limitation has not run.

Furthermore, an heir who has acquiesced in the settlement and final distribution of an estate in a certain manner is estopped afterwards to call this settlement and distribution in question, and to compel the return of, or an accounting for, the property thus parted with by the executor or administrator in good faith, and with the acquiescence and sanction of the heir; and this principle would apply if there were no will at all. On the subject of estoppel, see *Lilly* v. *Townsend,* 110 Mich. 253, ·68 N. W. 136.

*Samson* v. *Samson,* 64 Cal. 327, 30 Pac. 979, is based on a ·similar state of facts as that here presented, and involves the ·construction of Sections 1333 and 1666 of the California Code ·of Civil Procedure, which are substantially the same as Sections 2366 and 2844, respectively, of the Montana Code of Civil Procedure. The court in that case held that a ·decree annulling a will upon an application made by a minor heir operates upon the interests of the applicant only. It does not act in favor of those heirs who have lost their right to contest the will by the lapse ·of time. The decree of the district court in the *Samson Case* was to the effect that the entire proceedings under the will were void. The supreme court ordered the case returned to the district court with instructions to modify the judgment in accordance with the views expressed in its opinion.

2. One of the grounds stated in the motion for a new trial ·was newly discovered evidence, and affidavits were filed in support of this contention. All of the evidence contained in the affidavits relates to the mental and physical condition and sobriety of the testator, and was all cumulative evidence, except,

possibly, the affidavit of Dr. Whitford, which related to the effect of a gunshot wound received by the testator several years prior to his death.   The record, however, contains no affidavit by appellant that he did not know of this so-called newly-discovered evidence at the time of the trial, and the district court did not err in refusing to grant a new trial on this ground. (*Nicholson* v. *Metcalf,* 31 Mont. 276, 78 Pac. 483, and cases cited; *Smith* v. *Shook,* 30 Mont. 30, 75 Pac. 513.)

3.   Objections are made to certain instructions given, and to the action of the court in refusing to give other instructions requested by appellant.   None of the instructions given or requested appear in the judgment roll.   It is the settled practice in this state that instructions given and those requested and refused are a part of the judgment roll, and, unless they come up as such, they will not be considered.   (Session Laws 1901, p. 160; see cases cited in *Shropshire* v. *Sidebottom,* 30 Mont. 406, 76 Pac. 941.)

4.   It appears that some of the special findings were acquiesced in by only nine of the jurors.   Two of the dissenting jurors filed affidavits to the effect that some of the other jurors assented to the findings on the ground that the residence address of one of the subscribing witnesses to the will was not in the same handwriting as the signature of such witness, and was in the same handwriting as the body of the will.   The will had been put in evidence, and was taken by the jury to its room. In this state two-thirds of a jury in a civil action may agree upon a verdict.   (Section 1084, Code of Civil Procedure.)   This statute is based upon constitutional authority.   (Section 23, Article III, Constitution of Montana.)   But if a verdict so rendered by the specified majority may be set aside by reason of affidavits made by dissenting jurors to the effect that, in the opinion of such dissenting jurors, the conclusion of the majority was reached by giving a wrong construction to or attaching undue weight to the evidence, or some part of it, then this statute is of little avail, for, if a difference of opinion as to the weight or construction of evidence did not exist, there could

never be a divided jury. It has long been the settled rule that, in the absence of a statute, and in order to secure freedom of thought, thorough discussion and independence of action, as well as to prevent undue influence and fraud, the construction or weight given to evidence submitted is not a subject of inquiry upon a motion for a new trial. Subdivision 2 of Section 1171 of the Code of Civil Procedure does not change this rule. (*Fredericks* v. *Judah*, 73 Cal. 604, 15 Pac. 305; *Saltzman* v. *Telephone Co.*, 125 Cal. 501, 58 Pac. 169; *Griffiths* v. *Montandon*, 4 Idaho, 377, 39 Pac. 549.)

5. There is a very substantial conflict in the evidence, and the contention of the appellant as to insufficiency of the evidence to sustain the findings is without merit. (*Babcock* v. *Maxwell*, 29 Mont. 31, 74 Pac. 64.)

The contention that the court submitted to the jury findings respecting issues not raised by the pleadings is made by objecting to instructions which are not before the court. The real question in controversy was the testamentary capacity of decedent at the date of the instrument purporting to be his last will, and, when the jury found that he was mentally incompetent to make a will, the other findings are immaterial, so far as the ultimate rights of the parties in this proceeding are concerned.

6. It is alleged that the court erred in admitting certain testimony. The witness testified, over objection, as to the condition of the decedent before and after the date of the document alleged to be his will, detailing circumstances relative to his mental and physical condition for six months prior to the date of the instrument. The witness further gave it as his conclusion that the decedent was not mentally competent to make a will. It is a well-settled rule that "one not an expert may give an opinion, founded upon observation, that a certain person is sane or insane." The witness in this case detailed the circumstances upon which he based his conclusion, and all his statements went to the jury. There was no error in admitting this testimony. (Lawson, Opinion Evidence, 2d Ed., p. 532.) The witness Fanny Spencer, mother and guardian of the plaintiff, testified

on cross-examination that, some years prior to the institution of these proceedings, similar proceedings had been instituted by her as guardian, and that the same had been dropped. The witness was then asked by appellant to state by whom the proceedings had been dropped. Objection was sustained to the question on the ground that the court records were the best evidence. No attempt appears to have been made in this case to introduce any evidence or raise any question as to another action pending or as to any former adjudication, and, if such attempt had been made, it is quite apparent that the court records in such other proceeding or former adjudication would be the best evidence. It is apparent the appellant was not injured by this ruling of the court.

We recommend that the cause be remanded, with directions that the judgment be modified in accordance with the views herein expressed, and that, upon the entry of the judgment as modified, the judgment and order appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the cause is remanded to the district court, with directions to modify the judgment entered, by holding the probate of the will set aside only in so far as the interests of the contestant James R. Spencer are concerned; that the interest of said contestant under the law of succession be adjudged; and, as so modified, the judgment and order are affirmed. It is further ordered that each of the parties to this appeal pay his own costs.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY, being disqualified, takes no part in this decision.