HOUGH, RESPONDENT, *v.* SHISHKOWSKY, APPELLANT.

(No. 7,319.)

(Submitted January 28, 1935. Decided February 4, 1935.)

[43 Pac. (2d) 247.]

*Mr. Al. Hansen,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Denzil R. Young,* for Respondent, submitted a brief.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff instituted this action in a justice's court to recover a balance due for merchandise sold and delivered, consisting of a radio and a small item for its repair. Defendant answered, denying the debt and alleging that the radio had been delivered to him on trial and by him returned to plaintiff.

Judgment was recovered by defendant. The cause was appealed to the district court, and a verdict and judgment were there rendered in favor of the plaintiff. A motion for new trial was made, heard and denied. The appeal is from the judgment.

The only specification of error made is directed to the ruling of the trial court in denying the motion for a new trial. One of the grounds of the motion was misconduct of the jury by which the defendant was prevented from having a fair trial. Affidavits were made by four of the trial jurors and filed in support of this motion. It appears from the record that one M. M. Trout was selected as a trial juror and acted as such on the trial of this case. From the affidavit of the official court reporter, it appears that, on the examination of juror Trout as to his qualifications, he, in response to inquiry by counsel, stated that he had no opinion which would require evidence to remove, and that he would try the case solely upon the evidence and the law. From the affidavit of Clarence Everson, one of the trial jurors, it appears that, after the jury had retired to the jury-room and commenced the discussion of the evidence in the case, juror Trout said "that there was nothing to do with this case excepting to return a verdict in favor of the plaintiff. That he knew Mr. Hough was not the kind of a man that would talk someone into buying a radio or trying to make him pay for it unless he wanted it. That he had known Mr. Hough for many years and that he had been in Hough's place of business the day before the trial and had heard this particular radio in question played." The affidavits of three other jurors were to the same effect.

Section 9397, Revised Codes 1921, provides that: "The former verdict or other decision may be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party. * * * 2. Misconduct of the jury; and whenever any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to the

determination of chance, such misconduct may be proved by the affidavit of any one of the jurors.''

Counsel for the defendant argues that under this subdivision of the statute the interpretation heretofore adopted of it by this court is erroneous, as applied to the facts in this case, and that, unless the misconduct of a juror, such as is here disclosed, may be shown by affidavits of other jurors, the defendant is powerless to obtain relief.

In the case of *State* v. *Gies,* 77 Mont. 62, 249 Pac. 573, where the defendant was on trial for a violation of the prohibition law, an affidavit was submitted in support of a motion for new trial by one juror stating that during their deliberations, and before they had agreed upon a verdict, another juror had informed the jury that he knew the defendant sold intoxicating liquors, and that he had bought such liquors from the defendant at a date previous to the dates charged in the information. After stating the facts, this court said: ''These affidavits cannot be considered for any purpose. The general rule is that a verdict cannot be impeached or in any way limited or qualified by the affidavit of jurors who rendered it. There is but one exception to this rule, namely, the determination of a verdict by means of other than a fair expression of opinion by all the jurors, as, for example, by casting lots, in which case the fact may be established by affidavits of members of the jury. This express exception has been provided by statute (secs. 12048 and 9397, Rev. Codes 1921), and, under the rule of *'expressio unius est exclusio alterius,'* has been uniformly held to exclude all other exceptions. The reasons for adhering strictly to the rule are obvious. If jurors were permitted to impeach their own verdicts the door would be thrown wide open to corrupt practices. After their discharge the jurors would be subjected to all sorts of tampering influences to induce them to repent of their decision and endeavor to change or revoke it by making affidavit to real or trumped-up irregularities. Thus there would be no assurance that any verdict, however just, would be final.''

This court has consistently adhered to the rule that jurors may not impeach their verdict by affidavit in support of a

motion for new trial, except as expressly provided by the statute, as is illustrated by the following decisions: *Johnson* v. *Horn,* 86 Mont. 314, 283 Pac. 427; *State* v. *Lewis,* 52 Mont. 495, 159 Pac. 415; *State* v. *Asher,* 63 Mont. 302, 206 Pac. 1091; *Komposh* v. *Powers,* 75 Mont. 493, 244 Pac. 298; *Sutton* v. *Lowry,* 39 Mont. 462, 104 Pac. 545; *State* v. *Beesskove,* 34 Mont. 41, 85 Pac. 376, 378; *State* v. *Wakely,* 43 Mont. 427, 117 Pac. 95.

Counsel for defendant invites our attention to the rule announced by the supreme court of Washington under statutes not unlike our own, which is at variance with the decisions of this court cited supra, as is illustrated by the cases of *State* v. *Parker,* 25 Wash. 405, 65 Pac. 776, and *Maryland Casualty Co.* v. *Seattle Electric Co.,* 75 Wash. 430, 134 Pac. 1097. In the case of *State* v. *Beesskove,* supra, this court said: "While there is some contrariety in the decisions of courts upon the question whether jurors should be heard to impeach their own verdict, we think reason and great weight of authority condemn the practice which permits it." We appreciate the force of the logic of the reasons set forth in the Washington cases and those of other courts adopting a contrary rule, but for nearly thirty years this court by an unbroken line of decisions has adhered to the contrary rule. The legislature has not seen fit to amend or change the statutory law since the date of its first interpretation by this court, although various sections of the statutes relating to the subject of new trials and appeals have been revised and amended from time to time. We are therefore not disposed to disturb the settled rule as heretofore announced by this court, but shall adhere to the conclusions reached in our previous decisions.

The judgment is affirmed.

Mr. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MATTHEWS and STEWART concur.

Mr. JUSTICE MORRIS, being absent on account of illness, takes no part in the foregoing decision.