AL SCHAFF AND JOHN M. SCHAFF, AS ADMINISTRATORS OF THE ESTATE OF DANIEL C. SCHAFF, DECEASED, PLAINTIFFS AND APPELLANTS, v. DAVID SHAULES, DEFENDANT AND RESPONDENT.

No. 9954.
Submitted March 1, 1960. Decided May 19, 1960.
352 Pac. (2d) 265.

358

Marion B. Porter, Charles E. Snyder, Billings. Marion B. Porter argued orally for appellants.

Coleman, Lamey & Crowley, Billings. Bruce R. Toole, Billings, argued orally for respondent.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

Plaintiffs brought this action as administrators of the estate of Daniel C. Schaff, deceased, to recover damages for the death of the intestate, alleged to have been caused by the negligence of the defendant. Following a trial before a jury, a verdict

was returned for the defendant and judgment entered thereon. From such judgment this appeal is brought by the plaintiffs who, by specifications, contend that the district court erred (1) in overruling and denying their motion for a new trial, (2) in refusing to give certain instructions proposed by the plaintiffs, (3) in giving certain specified instructions, and (4) in rendering judgment against the plaintiffs.

Before discussing the legal questions involved a short resume of the facts would be pertinent. On August 12, 1956, at approximately 1:20 a. m., a collision occurred on what is known as the Shepherd road in Yellowstone County, Montana, between a Chevrolet pickup truck driven by the defendant and a Plymouth automobile driven by plaintiffs' intestate. There were two passengers in intestate's vehicle who were asleep at the time of the collision, and there were two passengers in the defendant's vehicle. There is considerable dispute in the record, as to the position of the vehicles upon the road at the time of the collision. Defendant testified as follows:

"Q. Now, do you have any recollection as to whether you made any attempt to swerve or avoid the collision? A. Well, just before the impact I might have tried to swerve to the left, I mean it just come to me later, it might have occurred to me to turn or I might have tried to just before the impact.

"Q. Well, as you sit here on the witness stand today, can you really say definitely whether you did or whether you did not? A. I can't, it is not too clear, it might have occurred to me that I should or I might have tried to or something, I am not too sure about it."

He further testified that he was blinded by the headlights of intestate's vehicle. The two passengers in defendant's vehicle testified they were blinded by the bright lights of intestate's car and thought that such car was on the wrong side of the road. It was their impression, so they testified, that defendant's vehicle was on the right side of the road. It appears from the record here that the deceased had been drinking beer on that

evening, started about 8:00 o'clock as he was driving around with his friends. Also during the evening he was stopped by the police in Billings for running a red light and went to the police station where he paid a fine.

The defendant admitted consuming considerable beer up to approximately two hours before the collision. A highway patrolman who investigated the accident testified that he tested the lights on deceased's vehicle the day following the accident and the headlights were on bright.

In their complaint, plaintiffs alleged in substance that defendant operated his vehicle in a reckless, careless and negligent manner which proximately caused the collision. Specifically, plaintiffs charged defendant with driving while intoxicated, at an excessive rate of speed, not maintaining control, driving in the wrong lane and failing to give deceased his right of way.

Defendant denied these allegations and affirmatively alleged specific acts of contributory negligence as a defense. Defendant alleged that deceased negligently failed to operate his automobile in his own lane, that he was driving while under the influence of intoxicating liquor and at an excessive rate of speed, that he failed to keep sufficient control over his vehicle and failed to turn or otherwise avoid the collision, and that each and all of these negligent acts proximately contributed to the collision. Plaintiffs denied these allegations.

Plaintiffs' major contention is that the evidence regarding deceased's bright lights and their effect upon defendant was not properly before the jury on the issue of contributory negligence, since defendant's allegations of specific acts of contributory negligence made no mention of bright lights.

In their specifications, plaintiffs charged the district court's denial of their motion for a new trial was error. This motion was made on virtually every ground mentioned in section 93-5603, R.C.M. 1947, and was based on affidavits of plaintiffs' attorney and one juror.

The affidavit of plaintiffs' attorney concerns itself solely

with the testimony concerning the brights lights of deceased, and amounts to an argument for a new trial wherein he sets forth at length his major contention as set forth above. He states that publicity in a local daily newspaper made it appear that the question of deceased's glaring headlights was relevant to the question of his contributory negligence, that jurors read such articles and were materially influenced thereby.

The affidavit of the juror stated in effect that the jury considered the evidence with respect to deceased's headlights in their deliberations concerning whether the deceased was negligent. Nothing further need be said about this affidavit since the construction or weight given to evidence by a jury is not a subject for inquiry upon a motion for a new trial, and subdivision 2 of section 93-5603, R.C.M. 1947, does not change this rule. Spencer v. Spencer, 31 Mont. 631, 640, 79 P. 320. Jurors may not impeach their verdict by affidavit in support of a motion for a new trial except where it was reached by resort to chance. Hough v. Shishkowsky, 99 Mont. 28, 30, 43 P.2d 247.

Unless there is some error in law with respect to the giving or refusing of certain instructions, the motion has no merit. Furthermore, with respect to the newspaper articles, unless our statutes may be construed in some way so as to allow a trial court to be put in error for a newspaper's concept of the law, plaintiffs' statements concerning the articles are completely irrelevant.

Plaintiffs' specifications of error regarding the instructions which were given have been considered and have no merit, nor have the specifications regarding the court's refusal to give certain of plaintiffs' proposed instructions.

By other specifications, plaintiffs charge as error the court's refusal to give three instructions which were designed to confine the jury, in their consideration of the issue of contributory negligence, to the specific acts alleged by defendant, and to instruct them that even if deceased's lights were bright

and glaring, this would not amount to contributory negligence which would bar recovery.

The record indicates that no objection was made to the introduction of the evidence regarding deceased's bright headlights. The rule has been long-established in Montana that where evidence, which might have been excluded as not tending to reflect upon any issue made by the pleadings, has been admitted without objection, it will be given the same consideration as though fully warranted by the pleading of the party offering the evidence, or, in other words, the pleading will be treated as if it had been amended to admit the introduction of the evidence. Lackman v. Simpson, 46 Mont. 518, 525, 129 P. 325; Wilkinson v. Bell, 118 Mont. 403, 411, 168 P.2d 601. Plaintiffs' counsel argues that an objection would have been fruitless because, in his opinion, the evidence was admissible as part of *res gestae*. We do not believe that such a speculative argument is sufficient to create an exception in this case to the general rule as hereinbefore stated, and hold that defendant's pleading herein should be deemed to be amended so as to raise the issue of whether deceased was contributorily negligent in failing to dim his lights. There was no error in refusing to take this issue from the jury.

For the reasons stated, the judgment is affirmed.

MR. JUSTICES ADAIR, ANGSTMAN and CASTLES, and THE HONORABLE EMMET GLORE, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, concur.