THE STATE OF MONTANA, ACTING BY AND THROUGH THE
STATE HIGHWAY COMMISSION OF THE STATE OF MON-
TANA, PLAINTIFF AND RESPONDENT, v. ALBERT C. MANRY
AND LILLIAN P. MANRY, OF BOZEMAN, MONTANA, DEFEND-
ANTS AND APPELLANTS.

No. 10470.
Submitted October 8, 1963. Decided December 16, 1963.
Rehearing denied March 25, 1964.
390 P.2d 97.

James H. Morrow, Jr., Bozeman (argued), Robert P. Ryan, Billings (argued), for appellants.

K. M. Bridenstine, Helena (argued), for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal by Albert and Lillian Manry from a judgment entered in the district court of Gallatin county in a condemnation proceeding instituted by the State of Montana, respondent.

The court below appointed commissioners, who entered an award of $50,000 from which the State appealed and the defendants cross appealed. The case was then tried to a jury, which awarded the appellants $40,477. It is from this judgment that the appellants have appealed to this court.

The appellants own a ranch about 11 miles east of Bozeman. Prior to this action the ranch comprised about 655 acres. This ranch consisted of three tracts of land, two of which were separated from the third and each other by the new highway and certain railroad tracks. All of the principal buildings, including the appellants' home were within the right of way taken by the respondent State of Montana, with the exception of the barn and the corrals. The three tracts, although physically separated were accessible to each other by the use of U. S. Highway 10, a railroad bridge used as an underpass, and a tract of land leased by the defendants from the Northern Pacific R. R. Co. The tracts located south of the highway were used for grazing and pasture. The tract north of the highway consisting of approximately 355 acres contained all the cultivated and hay land as well as the buildings. The land condemned by the State was a strip of land which ran the length of the south border of the northern tract of the ranch.

At the trial the defendants' evidence consisted primarily of their own testimony to establish the physical features and the manner of use of the land before the taking. Appraiser Saunderson testified as to the value of the ranch as a unit before the taking and its value after the taking of the strip. He assessed the damage to the appellants to be $65,920. The appellants also called an architect whose testimony supported the reconstruction cost used by Saunderson for the house and barn.

The respondent's case consisted chiefly of the testimony of three appraisers. These appraisers assessed the damages to be: Mr. Sparhawk $36,000, Mr. Hoiekvam $46,018 and Mr. Ford $44,800.

The appellants allege five separate specifications of error. The first one is that the court erred in refusing to give defendants' offered instruction No. 20 reading:

"You are instructed that the evidence in this case conclusively shows that the defendants will be left without any access to their lands remaining north of the proposed highway. This amounts to a taking of these lands within the constitutional meaning of the term, and in determining your award to defendants, you must award full value to the defendants for the lands lying north of the new highway."

If this instruction had been given it would have amounted to a finding by the trial court that all means of access to the property had been destroyed. While it is true that the question of whether or not there has been an impairment of access is generally in the province of the trial court, People v. Ricciardi, 23 Cal.2d 390, 144 P.2d 799; People v. Sayig, 101 Cal.App.2d 890, 226 P.2d 702; People ex rel. Department of Public Works v. Murray, 172 Cal.App.2d 219, 342 P.2d 485, the extent to which access has been impaired is a question of fact for the jury to decide. People v. Ricciardi, supra, People v. Sayig, supra, People ex rel. Dept. of Public Works v. Lipari, Cal.App., 28 Cal.Rptr. 808. The trial judge, then, did not err in refusing to give this proposed instruction.

The second specification of error is that the court erred in refusing to grant a new trial on the grounds that the jury was interfered with by the publication of a cartoon which appeared in a newspaper. The appellants support their contention with affidavits of three jurors. One of the jurors alleged that he saw the cartoon; that the paper was left in the jury room; and that he saw some of the other jurors reading it. Another juror averred that he saw the newspaper in the jury room. The other stated that while a juror she saw the cartoon in question and thought of condemnation cases in general when she read it. These affidavits are the only proof of this alleged error. They cannot be used in support of a motion

for a new trial. This court has always followed the rule that a verdict cannot be impeached by the jurors who rendered it, save where the affidavits show that their verdict was reached by other than a fair expression of opinion by all the jurors, as for example, where it was reached by drawing lots. Hough v. Shishkowsky, 99 Mont. 28, 43 P.2d 247; Schaff v. Shaules, 137 Mont. 357, 352 P.2d 265.

The third specification of error is that the court erred in refusing to give defendants' offered instruction No. 12 reading:

" 'Just compensation' is measured by the difference between the fair market value of entire unit of property at time of taking and fair market value of part remaining after taking.", and in requiring a verdict form separately stating the damages for the land and the damage to the remainder. A trial court will not be held in error when it refuses to give a particular instruction when the same subject has been adequately covered in other instruction. Holland v. Konda, 142 Mont. 536, 385 P.2d 272; Franck v. Hudson, 140 Mont. 480, 373 P.2d 951; Carter v. Miller, 140 Mont. 426, 372 P.2d 421. Such is the case here; the trial court gave instruction which defined "just compensation," which told the jury what "actual value" meant, and other instructions which were applicable to the particular facts of this case. As to the form of the verdict being prejudicial error, it first must be noted that the trial judge gave the jury a verdict form which was in accord with the provisions of R.C.M.1947, § 93-9912. The real question, however, was whether this was so prejudicial to the appellants' case as to require a reversal of the verdict. We find that it is not. This court adheres to the rule that in eminent domain proceedings the jury verdict will not be disturbed on appeal unless it is obviously out of proportion to the injury done. State Highway Comm'n v. Peterson, 134 Mont. 52, 328 P.2d 617, citing: Yellowstone Park R. R. Co. v. Bridger Coal Co., 34 Mont. 545, 87

P. 963, and Interstate Power Co. v. Anaconda Copper Min. Co., 52 Mont. 509, 159 P. 408.

 The fourth specification of error is that the court erred in admitting into evidence testimony concerning lands purchased by the appellants to replace those taken by the State of Montana. This was brought out on cross examination of Mrs. Manry and was held to be within the scope of the direct examination. No figures were brought out and no comparisons were made between the value of the ranch in question with the purchased lands. The appellants fail to show wherein such evidence was prejudicial considering the amount of the verdict finally awarded.

 The fifth specification of error is that the court erred in directing the jury to return a verdict for the costs of moving in the amount of $99.00. From its 1957 amendment until July of 1961, R.C.M., § 93-9913, provided for an award for "the cost of removal of all necessary personal property from the condemned real property * * *." The appellants attempted to introduce the testimony of a local union representative in order to prove the value of their labor and that of their friends who helped them move. These friends were volunteers and the record is bare of any testimony indicating payment by the appellants. Although inconvenience may in some instances furnish an item of damage to be considered as an element of damages, State Highway Comm'n v. Hoblitt, 87 Mont. 403, 288 P. 181, we believe that it is not within the contemplation of this amendment. Here, insofar as the labor of their friends is concerned they want to be paid for labor costs which they did not incur. No citation is necessary for the proposition that a trial court can direct a verdict where the evidence admits but one conclusion.

Finding no reversible error, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, ADAIR and DOYLE concur.