MARION D. SCHMOYER, Plaintiff and Appellant, *v.* PAUL A. BOURDEAU, Defendant and Respondent.

No. 11135.
Submitted October 6, 1966. Decided November 18, 1966.
420 P.2d 316.

James W. Cunningham (argued), Thompson Falls, Alex C. Morrison (argued), Plains, for appellant.

Eugene H. Mahoney (argued), Thompson Falls, Garlington, Lohn and Robinson, Sherman V. Lohn (argued), Missoula, for respondent.

HONORABLE W. W. LESSLEY, District Judge, sitting in place of MR. JUSTICE DOYLE, delivered the Opinion of the Court.

This personal injury damage suit was tried to a jury, and a verdict in favor of the plaintiff in the amount of $4,514.30 was returned.

A timely motion for a new trial was made by the plaintiff. This motion was denied by the District Court.

The sole issue for decision here is the single specification of error of the District Court in denying the motion.

The motion for new trial was supported by the affidavits of four of the trial jurors. These affidavits charged misconduct of the jury, during its deliberations. It was submitted without argument or brief on behalf of the movant, was taken under advisement, and subsequently denied.

A fair summary of the affidavits indicates one juror, who after the case was submitted, and during the jury's deliberations, stated to the other jurors that she had telephoned one of her relatives concerning prior litigation of plaintiff Schmoyer; that she had been informed by her relative that the plaintiff had, at a previous time, sued his own son over a ranch called "101 Ranch," and had added the statement, "anyone who would sue his own son was not entitled to any verdict." The same juror also referred to a pending lawsuit by plaintiff's wife against the same defendant and arising out of the same acci-

dent and made the further remark in that connection, "if we give him anything, they'll make a killing next spring."

The poll of the jury showed an eight to four verdict for the plaintiff. Three of the affiant-jurors had voted against the verdict; one affiant-juror had voted for it.

Two equally basic rights of a jury trial collide here. the first is the right to have a fair and impartial trial, free from misconduct of the jury in material matters. Section 93-5603, R.C.M.1947; Putro v. Baker, 147 Mont. 139, 410 P.2d 717; Goff v. Kinzle, 148 Mont. 61, 417 P.2d 105.

The second is the right to have a jury deliberate *in camera*, free and secure from frivolous and recurrent invasions of that privacy by disappointed litigants.

The verdict of the jury must be the end result of a fair trial. When the jury retires to the jury room it should be only concerned with the evidence and the law; the verdict, thus, is a result of a fair expression of opinion by all the jurors. The process is epitomized in the generic terms, freedom from outside surveillance and prying, and a fair expression of opinion of all jurors in the jury room. Const. of Mont. Art. III, § 23; Section 93-5105, R.C.M.1947.

Thus, we must spell out a verbal formula to keep intact and in balance these two basic ingredients of trial by jury, a rule that allows free expression of a jury, secure in its private deliberations, and on the other hand a method of detecting and preventing misconduct of that jury in material matters.

We admit that a long line of decisions indicates a strict construction of the rule to hold that a verdict cannot be impeached by the affidavits of the jurors. State v. Beesskove, 34 Mont. 41, 52, 85 P. 376; Hough v. Shishkowsky, 99 Mont. 28, 30, 43 P.2d 247; State Highway Comm'n v. Manry, 143 Mont. 382, 385, 390 P.2d 97. The decisions in Putro v. Baker, supra, and Goff v. Kinzle, supra, however considered and weighed, allow juror's affidavits to direct the granting of a new trial. A narrow construction of our law could lead us to refuse to consider affi-

davits of jurors to impeach a verdict in any case, other than a verdict arrived at by chance. But a fair construction need not lead to this.

To so hold is not to overrule or ignore the prior Montana cases concerning impeachment of jury verdicts by the juror's affidavits. But while we refuse to unduly extend the use of juror affidavits, we, at the same time, refuse to close the door on the obvious, and in most cases the only method of challenging and controlling gross misconduct of jurors. To hold otherwise is to refuse our clear duty to assure fair and impartial jury trials.

We hold that in the proper case such misconduct may be presented by affidavits of the jurors.

What then of the other basic right of jury's deliberations in secret, free from invasion and frequent interference and danger of destruction of the finality of jury verdicts? The obvious difficulty of our task does not justify the easy alternative of ignoring the issue. This calls for a verbal formula that will be sufficiently precise to meet the practicalities of the day-by-day trial practice of our courts, and will at the same time hold inviolate the integrity of our jury trials.

We hold that once the District Court has considered the matter, however it is raised, whether on a question of mistrial or motion for a new trial this court will not lightly disturb that ruling. To overthrow it this court must be shown by evidence that is clear, convincing, and practically free from doubt, of the error of the trial court's ruling.

Here the district judge considered the motion for a new trial as supported by the affidavits of the four jurors. His right to so act within sound legal discretion is clear. Brunnabend v. Tibbles, 76 Mont. 288, 297, 246 P. 536. The trial court observed the trial jurors involved. The material of the affidavits presented to the trial court indicate that the irregularity was not on a material matter in dispute and that plaintiff was probably not prejudiced by the irregularity. The judge

considered the motion and denied it. We find no evidence clear and convincing or otherwise that indicates error in the trial court's ruling.

The order of the district court denying a motion for a new trial is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and CASTLES, concur.