EDWIN D. DeWAR, Plaintiff and Appellant, *v.* GREAT NORTHERN RAILWAY COMPANY, Defendant and Respondent.

No. 11303.
Submitted November 30, 1967.   Decided December 28, 1967.
Rehearing denied January 19, 1968.
435 P.2d 887.

368

Morrison & Ettien, Robert D. Morrison (argued), Havre, A. G. Shone (argued), Butte, for plaintiff and appellant.

Weir, Gough & Booth, Ward A. Shanahan (argued), Myron Pitch (argued), Helena, Weber, Bosch & Kuhr, Havre, for defendant and respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This appeal comes from the district court of Hill County. The record discloses that plaintiff was employed by defendant in the capacity of a telephone inspector and on December 16, 1963, plaintiff reported for work at 8:00 a. m. at Havre, Montana. At that time he was instructed by his supervisor to proceed to Malta, Montana, and install some dial telephones, and to use a 1957 Chevrolet, ¾-ton panel truck. Plaintiff testified that he left Havre about 10:25 a. m., that the wind was blowing and a ground blizzard was in progress, it was snowing, the roads were icy and visibility was poor. He further testified that when he got to Harlem, Montana, at about 11:40 a. m., he went to the Kennedy Bar in order to get out of the storm and except for one-half hour when he left for lunch, he remained in the bar until approximately 4:30 p. m. While plaintiff testified he did not leave Havre until about 10:25 a. m., a deputy sheriff of Blaine County testified that he saw plaintiff sitting in the Kennedy Bar shortly after 10:00 a. m. Plaintiff testified he spent several hours in the bar talking to the owner and a male friend of his and drank only Ginger Ale during the hours he was in the Kennedy Bar. However, a deputy sheriff testified that plaintiff and a female resident of Harlem were sitting close together at the bar, they were conversing he stated, and added, "I would say having a party." This deputy returned to Kennedys three times that afternoon and plaintiff was there each time that he went in. On cross-examination, plaintiff testified that the bar owner, his friend and some girl were in the Kennedy Bar when he was brought there after the wreck, and in reply to the question, "Was this the same girl that was there in the afternoon?", he answered, "Yes."

Upon leaving the bar, at approximately 4:30 p. m., plaintiff drove two or two and one-half miles east of Harlem when he asserted the truck developed a shimmy and after going 200 to 300 feet on the right-hand shoulder of the road it pulled

very sharply to the left and the truck went into the ditch and he was injured.

Defendant's evidence shows that at the time of the accident the weather was clear, the pavement was normal and dry with no ice or snow except on the shoulder of the road in the vicinity, at the time of the accident. It further showed that when plaintiff reached a point about two miles east of Harlem he began to veer to the right of the traveled portion of the highway with his right wheels in the snow. He proceeded along the shoulder for a distance of 340 feet at which point he then veered sharply left, across the highway in a skid for a distance of 72 feet, went off the highway on the left side, hit an irrigation ditch and flipped the truck over. The truck reversed direction and slid some distance, coming to rest at a point 179 feet from the point where it left the highway. Plaintiff never applied the brakes. The left-front tire apparently blew out when the truck struck the bank of the irrigation ditch on the left side of the road, the force of the blow dented the heavy rim of the truck wheel, the left shock absorber broke off at the bottom connection and was found hanging in front of the axle.

Following the accident, as before mentioned, plaintiff was taken to Harlem and went back to Kennedy's Bar where he obtained two or three double shots of liquor and was later taken to the Indian Agency hospital about four or five miles east of Harlem where his scalp was sewed up and he was kept overnight. The next day he was taken to Havre and placed in a hospital there.

Plaintiff was given a ticket by the highway patrolman charging him with reckless driving and not being in possession of a valid driver's license. Plaintiff went to Harlem several days after the accident and entered a plea of guilty and was fined $10 on the charge of lacking a driver's license and $40 for reckless driving, which fines he paid. Before doing so he had been notified by his supervisor that he was out of service, this while he was still in the hospital, and he testified that he

knew that his job depended upon his defending himself against the reckless driving charge but he nevertheless went to Harlem, entered his plea and paid the fine. Plaintiff's explanation for his actions was that if you obtained a lawyer to fight the case it would cost $50 to $60.

There was evidence produced in plaintiff's case that a gouge mark was present on the highway after the accident where the truck veered to the left, and that such gouge mark must have been caused by the broken shock absorber. Evidence produced by the defendant fails to indicate any gouge mark in the highway and defendant's evidence with respect to the inspection of the truck after the accident showed that the steering mechanism, tie rod ends and connections were in good condition and they had not been bent or scraped.

Plaintiff also testified that he had made complaints with respect to this truck to his supervisor, stating he had written complaints on a monthly form about four times. On cross-examination he stated that he had complained that the truck was hard to handle and hard to drive, and it did not have good tires. He did admit, however, that on March 18, 1963, he had purchased two new tires for the truck at the Northern Tire Company at Havre.

Upon the trial, the jury found for the defendant and judgment was entered in accordance with the jury verdict. Motion for new trial was made and denied. Upon this appeal the plaintiff seeks a reversal of the judgment and contends: (1) that the evidence preponderates in favor of the plaintiff employee; (2) that such evidence is insufficient to sustain the verdict; (3) that the court erred in entering judgment on the verdict in favor of the defendant; and (4) in denying plaintiff's motion for a new trial. It is further contended (5) that the court erred in refusing to give certain of plaintiff's proposed instructions, and (6) in the giving of certain instructions.

The first four contentions are general in nature, they all go to the sufficiency of the evidence. Admittedly some of

the evidence is conflicting but these conflicts were resolved by the jury, and viewing the evidence in the light most favorable to the prevailing party in our opinion show substantial evidence to sustain the verdict. See our recent discussions in Campeau v. Lewis, 144 Mont. 543, 398 P.2d 960, and Wolfe v. Northern Pacific Ry. Co., 147 Mont. 29, 409 P.2d 528, as well as the prior cases cited in those opinions.

As to the fifth contention, plaintiff submitted his proposed Instruction 15 which reads:

"You are instructed that in undertaking to perform his regular work and in performing it, plaintiff, Edwin D. Dewar, as an employee of Great Northern Railway Company, had the right to assume that the railroad company had exercised reasonable care to provide him with a safe place to work, with safe working conditions and with safe equipment, and he also had the right to rely and act on that assumption."

It was objected to on the ground it was repetitious of court's Instructions 7 and 8, which were plaintiff's offered Instructions 7 and 8, and the court refused 15 as repetitious. Court's Instructions 7 and 8 are as follows:

"7. You are instructed that a continuous non-delegable duty exists on the part of the employer, such as the defendant in this case, to use ordinary care in furnishing employees with a reasonably safe place in which to work, safe working conditions and safe equipment upon which and with which to perform his work. The amount of caution required by that duty varies in direct proportion to the dangers known to be involved in the work and which increases or decreases as do the dangers known to exist, or that reasonably should be apprehended. [sic]."

"8. Defendant railroad has a continuing non-delegable duty to exercise reasonable care to maintain such vehicle in a reasonable [sic] safe condition for use by its employees, which include a duty to exercise ordinary care to inspect and to discover and correct any defect which would render such vehicle

unreasonably [sic] hazardous, if such defect was known or in the exercise of ordinary care could and should have been known by the defendant railroad with reasonable opportunity to correct the defect, if any."

In our view, the matters in the proposed instruction were fully covered by the court's instructions given and the action of the court was correct. It is not error to refuse instructions which are repetitious. See State Highway Commission v. Manry, 143 Mont. 382, 390 P.2d 97; Carter v. Miller, 140 Mont. 426, 372 P.2d 421.

We shall discuss plaintiff's proposed Instruction 15A when we consider the instructions given on contributory negligence.

The final, or sixth, contention of the plaintiff that the court erred in the giving of certain instructions will be subdivided into the several issues involved. We will list them as (a) contributory negligence, (b) proximate cause, and (c) assumption of risk.

Taking up contributory negligence, plaintiff submitted his proposed Instruction 15A which was objected to because it was a directed verdict and not warranted. It was refused by the court. This proposed instruction reads:

"In addition to denying that any negligence of the defendant proximately caused any injury to the plaintiff, the defendant alleges, as an affirmative defense, that contributory negligence on the part of the plaintiff was a proximate cause of any injuries which the plaintiff may have sustained.

"I charge you that from all of the evidence in this case, it does not appear that the plaintiff was contributorily negligent, and therefore, if you find the plaintiff is entitled to recover, you should award him the total damages as I shall define it in these instruction."

It is the plaintiff's contention that this instruction is warranted because the truck plaintiff was driving was old and worn out and that there is no evidence in the record indicating that a lack of care on the employee's part was a factor in caus-

ing the truck to leave the highway. The defendant has urged that contributory negligence of the employee can be inferred from his own proof because he testified that he pleaded guilty to a charge of reckless driving.

The plaintiff admitted in his brief in this court that the evidence of his plea of guilty to the traffic violation was proper and was offered in this case without objection. He also states that the weight to be given this evidence is left for the jury to determine and it is not in itself a judgment establishing the fact. Thus, the guilty plea went to the jury as evidence of contributory negligence.

It is our view, under the facts appearing in this cause, that the evidence required submission of the issue of contributory negligence of the employee to the jury and the action of the court was correct in refusing the instruction.

As to certain instructions given by the court in this area, the only objections raised by the plaintiff are that they contained reference to contributory negligence. Since we have held there is evidence of contributory negligence sufficient to submit that issue to the jury, these objections fall and the court properly gave these instructions.

As to proximate cause, plaintiff objected to the definition of proximate cause contained in Instruction 21, the wording of which is that of Montana Jury Instruction Guide, pattern Instruction No. 15.00, on the ground that it was inconsistent with court's Instruction 10 in an action under the Federal Employers' Liability Act.

In Instruction 21, the court stated in part:

"The proximate cause of an injury is that cause which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury, and without which the injury would not have occurred."

Instruction 10 reads:

"An injury is proximately caused by an act or omission whenever it appears that the act or omission played any part,

no matter how slight, in actually bringing about or causing the injury. So if you find from the evidence that any negligence on the part of the defendant contributed in any way or manner toward any injury suffered by plaintiff, you may find that injury was proximately caused by defendant's act or omission."

This latter instruction is civil instruction 13.12 of the Federal Employers' Liability Act Instructions contained in 28 Federal Rule Decisions, on page 497, and conforms with the holding of the United States Supreme Court in Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493.

There is no question but that Instruction 10 has been followed and approved by the federal courts, but the question is whether or not the giving of the definition of proximate cause contained in Instruction 21 was prejudicial. We note that in Page v. St. Louis Southwestern Railway Co., (5th Cir. 1963) 312 F.2d 84, 98 A.L.R.2d 639 it was held that where the court gives a simple instruction on proximate cause *alone,* without reference to the "however slight" rule, it is error.

However, in the instant case the F.E.L.A. rules of proof appear in nine of the instructions given by the court. We should note also that a definition of proximate cause would appear to be proper since such wording appears in five of plaintiff's offered instructions which were given by the court. We find no merit in plaintiff's contentions in this respect.

We come then to the matter of assumption of risk. The court gave Instruction No. 40, which is in these words:

"If you find that plaintiff's injury arose as a result of a risk which his employer could not by the exercise of reasonable care avoid, then your verdict must be for the defendant."

Plaintiff objected "because it brings in the case assumption of risk and the statement is contrary to the Tiller case which they cite." In our opinion, the district court was correct in giving the instruction. We think the case of Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, is

authority for the rule expressed in this instruction, namely, that a carrier is not liable unless it was negligent.

Finally, while plaintiff did not object to the giving of Instruction 41, he contends that it is in direct conflict with our opinion in Cashin v. Northern Pac. Ry. Co., 96 Mont. 92, 28 P.2d 862, when it included the penalties provided under our statute for reckless driving. We do not agree with the plaintiff that the Cashin case requires a holding that the giving of this instruction constitutes reversible error. That case condemned the inclusion in the instruction of the penalty but stated: "* * * but it does not follow that such error commands a reversal of the judgment."

Plaintiff also objected to Instruction 43 on the same ground as he objected to Instruction 40. Instruction 43 reads:

"You are instructed that conviction or guilty plea of a person for statutory violation, such as the traffic offense involved here, 'Reckless Driving,' is sufficient to create in your minds a presumption of negligence on his part. If this presumption has not been rebutted by competent evidence, you are bound to find in accordance with it."

Plaintiff argues that any presumption of negligence on the part of the employee was fully explained by him, and further, that there is a complete lack of evidence showing negligence on the part of the employee and that the defendant relies solely upon plaintiff's plea of guilty to a traffic violation.

What we have heretofore said with respect to Instructions 15A and 40 is sufficient to dispose of plaintiff's objection here as being without merit.

Considering the instructions as a whole, the plaintiff's case was fully and fairly submitted to the jury. The jury were at liberty to accept plaintiff's version of the facts respecting his actions, the accident, and his explanations. They chose to disbelieve him.

Finding no error with respect to the instructions, and it ap-

pearing that there is substantial evidence to sustain the verdict, the judgment is affirmed.

MR. JUSTICES HASWELL, ADAIR, CASTLES and JOHN CONWAY HARRISON concur.