No. 13762

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

TYYRA J. ERICKSON,

Plaintiff and Appellant,

-vs-

LUELL J. PERRETT,

Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Edward Dussault, Judge presiding.

Counsel of Record:

For Appellant:

Boone, Karlberg and Haddon, Missoula, Montana
Sam E. Haddon argued, Missoula, Montana

For Respondent:

George, Williams and Benn, Missoula, Montana
Shelton C. Williams argued, Missoula, Montana

---

Submitted: December 1, 1977

Decided:DEC 19 1977

Filed: DEC 19 1977

_Thomas J. Kearney_
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an action for damages allegedly resulting from an automobile accident in which plaintiff's car was struck from behind by defendant's car. The original trial resulted in a jury verdict for the defendant on the issue of liability. On appeal this Court granted a new trial on the basis that the jury had ignored proof of negligence and proof of property damage. Erickson v. Perrett, 169 Mont. 167, 545 P.2d 1074, 1078, 33 St. Rep. 109 (1976). In the new trial plaintiffs, Tyyra and Nils Erickson, received a directed verdict against the defendant on the issue of liability. On the issue of damages the jury awarded Nils Erickson the full amount of damages to his car, but awarded no damages to Tyyra Erickson for injuries allegedly caused by the accident. Tyyra Erickson appealed.

On this appeal Mrs. Erickson asserts that her motion for a new trial was improperly denied on two grounds: (1) Inadequate damage award, (2) jury misconduct prejudicial to plaintiffs occurred.

Mrs. Erickson contends that the automobile accident caused a whiplash injury resulting in severe headaches, excruciating pain in her neck, numbness in her right arm and hand, and nervousness. In March, 1973, she underwent a spinal fusion to correct a herniated disc which she alleges resulted from the accident. Prior to the accident, Mrs. Erickson worked full-time as a foreman in a meat packing plant. Since the accident, she has not returned to work allegedly because of the pain in her neck and her limited neck movement due to the spinal fusion.

Defendant, Luell J. Perrett, maintains that Mrs. Erickson's neck problems resulted from pre-existing arthritic and degenerative disc conditions. He contends that the impact from the car accident was too minimal to have aggravated those pre-existing conditions. Additionally, he argues Mrs. Erickson's medical

records demonstrate that many of the symptoms of which she complained were symptoms she also had experienced at various times prior to the accident.

The issue of inadequate damages is governed by our decision in Holenstein v. Andrews, 166 Mont. 60, 530 P.2d 476 (1975). In Holenstein the plaintiff was involved in an automobile accident for which the defendant admitted liability. Plaintiff contended that the accident aggravated a pre-existing arthritic and degenerative disc problem, but the jury awarded her no damages. Although there was no direct evidence that plaintiff's pre-existing conditions were not aggravated by the accident, we held there was sufficient circumstantial evidence presented to support the jury's verdict.

In the present case, seven doctors testified as to the causal relation between Mrs. Erickson's neck problems and the car accident. Dr. Burton, a Missoula orthopedic surgeon, examined Mrs. Erickson on February 13, 1973. In this examination he found no nerve damage in her neck, no numbness, normal motion of her neck without much pain when moving her neck, no actual bone injury nor any ruptured ligaments. He checked for and found no evidence of a ruptured disc. He concluded that the accident did not worsen or affect Mrs. Erickson's cervical spine disease.

Another Missoula orthopedic surgeon, Dr. Jacobsen, examined Mrs. Erickson prior to both of the trials. Based on his examination and a review of X-rays of Mrs. Erickson's neck taken both before and after the accident, he could not say as a matter of reasonable medical certainty that the accident caused any of Mrs. Erickson's problems. He testified there was no medical probability that the accident was the cause of her problems.

We hold that this evidence is sufficient to support the jury's verdict that Mrs. Erickson's damages did not result from

the automobile accident.

Plaintiff argues that the jury cannot disregard the medical testimony of Dr. Albert Harris regarding the cause of her herniated disc. Dr. Harris, the neurosurgeon who discovered Mrs. Erickson's herniated disc and performed the spinal fusion, concluded that the automobile accident caused the herniated disc.

The jury was instructed:

"A witness who has special knowledge, skill, experience, training or education in a particular science, profession or occupation may give his opinion as an expert as to any matter in which he is skilled. In determining the weight to be given such opinion, you should consider the qualifications and credibility of the expert and the reasons given for his opinion. You are not bound by such opinion. Give it the weight, if any, to which you deem it entitled.

"In resolving any conflict that may exist in the testimony of expert witnesses, you should weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualifications and credibility of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it is based." (Emphasis added.)

Dr. Harris based his opinion in part on Mrs. Erickson's version of the severity of the automobile accident and what she told him of her prior medical history. Defendant introduced evidence that sharply conflicted with plaintiff's version of the severity of the impact. He also showed that Mrs. Erickson did not relate to her examining doctors her history of medical problems and a head injury she had sustained prior to the automobile accident. Additionally, other medical experts testified that the automobile accident was not the cause of Mrs. Erickson's neck problems.

Under the evidence presented and the jury/instructions given, the jury could properly disregard Dr. Harris' testimony.

Plaintiff argues that Holenstein is distinguishable from

- 4 -

the instant case and therefore, not controlling. She bases this argument on the fact that in the instant case the automobile accident allegedly caused a herniated disc in her neck, a fact not present in Holenstein. This distinction makes no difference. In Holenstein the plaintiff contended the automobile accident "aggravated a pre-existing arthritic and degenerative disc problem in her neck". Holenstein v. Andrews, 166 Mont. 60, 62, 530 P.2d 476 (1975). In the instant case Mrs. Erickson also suffered from a pre-existing arthritic and degenerative disc problem which she claims was aggravated by the automobile accident. Holenstein is, therefore, controlling.

The second basis Mrs. Erickson urges for a new trial is jury misconduct. On the last day of the trial several of the jurors inadvertently saw defendant's car during the noon recess where it was parked outside the courthouse.

Conflicting testimony as to the amount of damage done to defendant's car had been introduced at trial to demonstrate the severity of impact between the two cars. Plaintiffs testified that one of defendant's headlights was broken in the collision. In contrast, defendant introduced photographs showing the damage to his car in which there were no broken headlights. To settle this dispute, defendant moved that the jury be allowed to view his car. The District Court denied this motion feeling it was inappropriate for the jury to see the car.

Section 93-5603, R.C.M. 1947, provides that a new trial may be granted when there has been jury conduct materially affecting the substantial rights of the complaining party. Not every act of jury misconduct, however, mandates a new trial. See, e.g., Schmoyer v. Bourdeau, 148 Mont. 340, 420 P.2d 316 (1966); Nelson v. C. & C. Plywood Corp., 154 Mont. 414, 465 P.2d 314 (1970). The alleged jury misconduct must affect a material matter that is in dispute and must prejudice the complaining party.

- 5 -

<u>Schmoyer</u>, supra; <u>Nelson</u>, supra.

The plaintiff cites in support of her position Goff
v. Kinzle, 148 Mont. 61, 417 P.2d 105 (1966). In <u>Goff</u> the
foreman of the jury went to the scene of the car accident the
night before the case went to the jury. He spent 30 to 45 min-
utes conducting experiments and then prepared a map of the scene.
He showed all of this to the jury the next day.

In <u>Goff</u> the materiality of the foreman's investigations
to the plaintiff's case and the prejudice to plaintiff was ob-
vious. Such is not the situation in the present case. Affi-
davits by the jurors who saw defendant's car stated that they
did not search out the car, nor did they make any measurements
or tests regarding the damage done to it. Other jurors by
affidavit swore that no juror provided any new or different in-
formation concerning the condition of defendant's car. We,
therefore, find no prejudice in this case.

Judgment affirmed.

_____
                                          Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices