No. 81-202

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

JAMES MONTE TATE,

Defendant and Appellant.

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone
Honorable Robert Wilson, Judge presiding.

Counsel of Record:

For Appellant:

Stacey and Jarussi, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Harold F. Hanser, County Attorney, Billings, Montana

Submitted on briefs: October 8, 1981

Decided: January 14, 1982

Filed: JAN 1 4 1982

_Thomas J. Karney_
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Following a jury trial before the Thirteenth Judicial District Court, Yellowstone County, the defendant, James Monte Tate was convicted of burglary and sentenced to ten (10) years in the Montana State Prison. Defendant appeals.

The facts pertinent to the issue raised in this appeal can be concisely stated as follows:

On April 29, 1980, an information was filed in the District Court charging defendant with the offense of burglary. The defendant entered a plea of not guilty to the charge. A trial was held on March 10th and 11th, 1981.

At trial, after the State had presented its opening statement, the defendant requested to speak privately with the presiding judge. The judge and defendant then conferred in chambers without attorneys present.

The defendant indicated he had second thoughts about a prior plea bargain offer. The defendant stated he had a drinking problem and wanted help in overcoming that problem. He desired placement in an alcohol treatment facility and probation in exchange for a guilty plea.

The judge questioned defendant regarding the defendant's drinking. Defendant stated he had had the problem since he was sixteen (16) or seventeen (17) and that he had just turned age eighteen (18). He stated he had committed other burglaries as a juvenile, all while intoxicated. Defendant admitted to using marijuana occasionally, and to having tried other drugs.

The judge then conferred with the attorneys out of the presence of the defendant. The judge indicated that he was

". . . turning over the possibility of a guilty plea to
first send him up to Galen, run him through the treatment,
and then when he gets back, put him up in Swan River on a
5-year sentence . . ." The State did not object to the
plan.

Defense counsel then conferred with the defendant. No
record was made at this conference; apparently the defendant
rejected the plan because no guilty plea was entered and the
trial resumed.

Defendant was found guilty and sentenced by the presiding
judge to a term of ten (10) years in the Montana State
Prison. The judge based this sentence on the pre-sentence
report, the facts adduced at trial, the defendant's age, and
the opportunities available under the parole provisions in
Montana.

The sole issue raised on appeal is whether the defendant
was punished for exercising his right to a jury trial.

As noted in State v. Baldwin (1981), _____ Mont. _____,
629 P.2d 222, 38 St.Rep. 882, "To punish a person for exercising
a constitutional right is a basic due process violation"
(citations omitted), 629 P.2d at 225, 38 St.Rep. at 884-85.

This Court also acknowledged in Baldwin, supra, that:

> "[i]t may be difficult to distinguish between
> situations where leniency is offered in ex-
> change for a plea and situations where the
> defendant is punished for exercising his right
> to trial by jury." 629 P.2d at 225, 38 St.Rep.
> at 885.

In order to eliminate this difficulty and also to
protect a criminal defendant's constitutional rights, this
Court in Baldwin adopted ABA standard 14-sec. 1.8(b), ABA
Standards for Criminal Justice (2d. ed. 1980). This standard
declares that:

"(b) The court should not impose upon a defendant any sentence in excess of that which would be justified by any of the protective, deterrent, or other purposes of the criminal law because the defendant has chosen to require the prosecution to prove guilt at trial rather than to enter a plea of guilty or nolo contendere."

To implement this standard and facilitate judicial review, we declared in Baldwin that:

". . . a sentencing court which becomes involved in the plea bargaining process, and which imposes a harsher sentence after trial than was offered in exchange for a guilty plea, must specifically point out the factors that justify the increased sentence." 629 P.2d at 226, 38 St.Rep. at 886. (Emphasis added.)

In this case, the sentencing court imposed itself in the plea bargaining process and suggested that defendant be sentenced to treatment at the Galen Alcoholic Treatment Center and then five (5) years at Swan River instead of the Montana State Prison. This offer was based primarily on the court's belief that the defendant did have a drinking problem and also because the defendant was only eighteen (18) years old.

Following trial defendant was sentenced to ten (10) years in the Montana State Prison. The court stated that it based this sentence on ". . . all of the facts that are set forth in the Pre-Sentence Report and considering the facts of the trial of this action, and considering also the fact that you are 18 years of age and that the opportunities that are given to you under the parole rights in this State. . ."

To a large degree, the sentencing court had much of this information at its disposal when it offered the original plea bargain to the defendant. It is impossible to determine what new information or facts led the sentencing court to increase the sentence. Enumerating the general grounds for the defendant's sentence does not "point out the factors" justifying the increased sentence with sufficient specificity,

as required by Baldwin, supra.

We note that the sentencing court in this case rendered its decision on March 20, 1981, approximately six weeks prior to our decision in Baldwin. As a result, its decision could not conform with the Baldwin requirements. In light of this, we vacate the defendant's sentence and remand this case for re-sentencing in conformity with Baldwin.

Justice

We Concur:

Chief, Justice

Daniel J. Shea

John C. Shelby
Justices