JUSTICE HUNT
dissenting.
I dissent from the majority opinion.
I do not disagree with the majority’s analysis concerning the misconduct of the bailiff and the jury in this case; and I agree that both parties are entitled to a fair trial; and that it may always be difficult to determine whether or not that misconduct was prejudicial to one or both parties.
What I have trouble with is the conclusion reached by the majority that the District Court committed a manifest abuse of discretion by not granting a new trial in this case. The District Court found that there was misconduct, but that none of Riley’s substantial rights were materially affected by the misconduct of the jury. We have stated that “[n]ot every act of jury misconduct... mandates a new trial.” Erickson v. Perrett (1977), 175 Mont. 87, 91, 572 P.2d 518, 520. When the jury requested and examined a dictionary for a definition, I do not find a material affect on Riley’s substantial rights resulting from this misconduct.
*10 The District Court stated in its rationale for denying Riley’s motion for a new trial that “[i]t was inappropriate for the bailiff to have complied with the jury request....” It was inappropriate, but I agree with the District Court that not every act of bailiff misconduct will mandate a new trial. See Ahmann, 766 P.2d at 857. The record in this case does not show that any of Riley’s substantial rights were materially affected by the bailiff’s actions.
The inquiry for courts is whether the misconduct was such that actual or potential injury occurred to the losing party, materially affecting their substantial rights. Brockie v. Omo Construction (1992), 255 Mont. 495, 498-99, 844 P.2d 61, 64.
In this case, the District Court found no evidence of prejudice to Riley. In a review of the dictionary definitions in question, I do not find them to be prejudicial. They do not show a “tendency to injury.” The record indicates that the District Court examined the definitions in the context of the surrounding circumstances and satisfied itself that Riley was not prejudiced. The court reached this conclusion from the advantage of its position at the trial, and from that position, properly concluded that there was no material affect on substantial rights by actual or potential injury. I do not find a manifest abuse of discretion by the District Court, and therefore, I conclude that the District Court should be affirmed.
JUSTICE TRIEWEILER joins in the foregoing dissenting opinion.