DA 08-0207

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 168

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SHAWN HOWARD WELLER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC-2007-207
Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Helena, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney; Helena, Montana

              Submitted on Briefs:  February 25, 2009

                       Decided:  May 19, 2009

Filed:

        _____
                      Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     A jury in Montana's First Judicial District, Lewis and Clark County, convicted Shawn Howard Weller of driving under the influence on February 5, 2008. Weller raises the following issue on appeal:

¶2     Did the District Court err by refusing to instruct the jury on the defense of involuntary intoxication?

## BACKGROUND

¶3     At approximately 8 p.m., July 27, 2006, Montana Highway Patrol Trooper Gleich initiated a traffic stop of Weller upon observing him drive his motorcycle twelve miles per hour over the posted speed limit of 55 miles per hour. Weller smelled of alcohol and admitted to consuming "a couple of beers." Weller's breath alcohol level was .115.

¶4     The State charged Weller with Driving under the Influence (DUI), a felony, pursuant to § 61-8-401, MCA. At trial, Weller testified that on the day of his arrest he had drunk two beers sometime after 5 p.m., and attended a party with friends that evening. He told the jury that while at the party he chose to drink punch, which he claimed to have been told was non-alcoholic. He testified:

> That the juice was spiked, and I didn't know it. . . . It was when I drank the juice, that's when . . . without me tasting it, the alcohol--the alcohol was there. I mean so that took me over the legal limit, by not by my choice but by my deception.

Weller requested the court to give an instruction to the jury which stated as follows:

> A person who is in an intoxicated condition is criminally responsible for his conduct and an intoxicated condition is not a defense to any offense and may not be taken into consideration in determining the existence of a

2

mental state which is an element of the offense unless the Defendant proves that he did not know it was an intoxicating substance when he consumed or otherwise ingesting [sic] the substance causing the condition.

The State objected and the court refused the proffered instruction because it did not apply to an absolute liability offense such as DUI. Alternatively, the District Court ruled that, in any event, Weller had not provided sufficient evidence to support such an instruction. The jury convicted Weller and he appeals.

## STANDARD OF REVIEW

¶5 This Court reviews jury instructions to determine whether the district court fully and fairly instructed the jury on the law applicable to the case. *State v. Matz*, 2006 MT 348, ¶ 13, 335 Mont. 201, 150 P.3d 367. A trial court has broad discretion to determine the appropriate jury instructions. *Matz*, ¶ 13. Instructional errors which prejudice a defendant's substantial rights require reversal. *Matz*, ¶ 13.

## DISCUSSION

***Did the District Court err by refusing to instruct the jury on the defense of involuntary intoxication?***

¶6 Weller argues the jury should have been instructed that involuntary or unknowing intoxication is a defense to a DUI pursuant to § 45-2-203, MCA. The State responds that involuntary intoxication can be a defense only to offenses that require proof of a mental state, and DUI does not.

¶7 The instruction offered by Weller was premised upon § 45-2-203, MCA, which states:

3

> A person who is in an intoxicated condition is criminally responsible for his conduct and an intoxicated condition is not a defense to any offense and may not be taken into consideration in determining the existence of a mental state which is an element of the offense unless the defendant proves that he did not know that it was an intoxicating substance when he consumed, smoked, sniffed, injected, or otherwise ingested the substance causing the condition.

Section 45-2-203, MCA (emphasis added). This statute provides that involuntary intoxication is "not a defense to any offense," but that it may be taken into consideration in determining the existence of a mental state in cases where a mental state is an element of the offense. The Commission Comments explain that this provision "makes it clear that intoxication is not a defense but is merely a fact which the jury can consider in determining the existence of a particular mental state." Section 45-2-203, MCA, Criminal Law Commission Comments; *see also State v. Stafford*, 208 Mont. 324, 331-32, 678 P.2d 644, 648 (1984).

¶8     Section 61-8-401(7), MCA (2005), provides that "[a]bsolute liability as provided in 45-2-104[1] will be imposed for a violation of this section [governing DUI]," and we have likewise previously explained that "driving under the influence is an absolute liability offense not requiring the proof of a mental state." *State v. McDole*, 226 Mont. 169, 175, 734 P.2d 683, 686 (1987). The State was not required to prove Weller's mental state and the jury was not required to determine his mental state in order to convict

---

[1] Section 45-2-104, MCA, provides: "Absolute liability. A person may be guilty of an offense without having, as to each element of the offense, one of the mental states of knowingly, negligently, or purposely only if the offense is punishable by a fine not exceeding $500 or the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described."

Weller of DUI.  Consequently, consideration of involuntary intoxication under § 45-2-203, MCA, was not necessary and the trial court did not abuse its discretion by refusing to give Weller's proposed instruction based upon this statute.

¶9      Affirmed.

                                                          /S/ JIM RICE


We concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON