FILED

May 29 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0587

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 117N

SHAWN HOWARD WELLER,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV-2009-509
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Shawn Howard Weller, self-represented; Helena, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General; Helena, Montana

            Leo Gallagher, Lewis and Clark County Attorney;
Michael T. Menahan, Deputy County Attorney; Helena, Montana

Submitted on Briefs:  May 9, 2012

Decided:  May 29, 2012

Filed:

_____
                   Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Shawn Howard Weller appeals from the District Court's denial of his petition for postconviction relief. We affirm.

¶3      After a jury trial in the District Court, Weller was convicted of driving under the influence, in violation of § 61-8-401, MCA. He appealed to this Court, and we affirmed his conviction. *State v. Weller*, 2009 MT 168, 350 Mont. 485, 208 P.3d 834.

¶4      In June of 2009, Weller filed a petition for postconviction relief, arguing that the jury was improperly instructed on reasonable doubt, and that both his trial counsel and appellate counsel had rendered ineffective assistance. The District Court rejected Weller's claims and denied his petition on August 4, 2009. Weller filed a variety of pleadings thereafter, but he did not appeal from the District Court's order.

¶5      On July 12, 2011, Weller filed what he denominated as an amended petition for postconviction relief. Weller again alleged claims of ineffective assistance by his trial counsel and appellate counsel, and also offered a new claim that the prosecutor "forgot to enter any evidence into the trial. To perserve [sic] a jury guilty verdict the State and court 'illegally altered' the court transcripts." (Emphasis omitted.) The District Court dismissed Weller's amended petition, reasoning that "the post-conviction relief procedures do not contemplate the filing of an amended petition after issuance of the Court's decision on the original petition. If Weller was dissatisfied with the Court's decision, his proper remedy was appeal."

2

¶6      On appeal, Weller argues that he submitted his amended petition in October 2009, but that the Clerk of the District Court failed to file it, and that he ultimately refiled the amended petition almost two years later, in July 2011.  However, filing an amended petition in October 2009 would also have been untimely, as the District Court dismissed Weller's original petition in August 2009.  While it may still have been possible for Weller to timely file a "second or subsequent petition" under § 46-21-105(1)(b), MCA, such petitions "must also demonstrate good cause why its claims were not asserted in the original petition."  *State v. Root*, 2003 MT 28, ¶ 16, 314 Mont. 186, 64 P.3d 1035.  Weller made no such showing.  Weller argues that he attempted to raise his trial issues on appeal, but that his appellate counsel refused.  However, the alleged failures of Weller's appellate counsel were raised in Weller's first postconviction petition, addressed by the District Court, and denied.  Weller did not challenge the District Court's ruling by appealing to this Court.

¶7      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.  Weller's claims are procedurally barred.

¶8      Affirmed.


                                                        /S/ JIM RICE

We concur:

/S/ MIKE McGRATH

3

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS