ORIGINAL



FILED

09/17/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0505

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0505

SHAWN HOWARD WELLER,

Petitioner,

v.

JIM SALMONSEN, WARDEN,
MONTANA STATE PRISON,

Respondent.

ORDER

FILED

SEP 17 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Shawn Howard Weller has filed a Petition for Writ of Habeas Corpus, explaining that he has been denied an appearance before the Board of Pardons and Parole (Board) and indicating that the Board should have granted him parole, thereby violating his due process rights in its denial. Weller includes attachments, further explaining that his petition concerns a more recent judgment and not his 2008 conviction. *See Weller v. State et al.*, No. OP 15-0406 (Order requiring Weller to file a motion for leave before filing a petition in an original proceeding concerning his 2008 conviction and revocation of his suspended sentence (Mont. Jul. 22, 2015) (*Weller II*)).

We point to this Court's previous summary, where we stated:

This Court is very familiar with Weller's history.[1] Weller was on parole for partner or family member assault when, on July 27, 2006, he was arrested for driving under the influence (DUI) in Lewis and Clark County. After posting his bond, Weller absconded. His charge was later amended to felony DUI. Weller was arrested in Texas, and on March 21, 2007, he was delivered to Montana State Prison as a parole violator. His parole was revoked. In March 2008, a jury convicted Weller of felony DUI. The District Court designated Weller a persistent felony offender and sentenced him to a twenty-two-year commitment with seventeen years suspended. He appealed, solely on the issue of a jury instruction, and we affirmed. *State v. Weller*, No. DA 08-0207, 2009 MT 168, ¶¶ 1-2, 9, 350 Mont. 485, 208 P.3d 834 (*Weller I*).

---

[1] Since 2008, Weller has had ten matters concerning Lewis and Clark County Cause No. CDC-2007-207 before this Court.

*Weller 11*, at 1 (footnote in original, added dash).

According to his attached copy of a final judgment, in open court on February 7, 2024, the Second Judicial District Court, Butte-Silver Bow County, committed Weller to the Department of Corrections (DOC) for a concurrent, five-year term for felony driving under the influence of alcohol or drugs, 4th or subsequent offense (DUI). The court awarded 263 days of credit for time served. Weller is also serving the DOC sentence upon revocation of seventeen years, imposed in 2012, from the Lewis and Clark County District Court. *Weller 11*, at 3.

Weller contends that his incarceration is illegal. The crux of his Petition is that he wants to appear before the Board on his timeline. Weller contends that after entering a guilty plea to his DUI from Butte-Silver Bow County in May 2023, he went to prison on the five-year sentence. On April 2, 2024, he appeared before the Board for the revocation of his parole concerning his sentence from Lewis and Clark County. Weller states that he was given a reappearance date of April 2025 and that he must complete "DOC risk and needs assessment and follow recommendations." Weller provides that his parole eligibility date was August 18, 2024, for his sentence from Butte-Silver Bow County, but the prison and institutional probation and parole officers "are both refusing to let [him] see the [B]oard . . . ." Weller requests that he be placed in treatment. He alleges that his due process rights have been violated and puts forth that he has a protected liberty interest.

Weller is mistaken. Weller cannot dictate the appropriate timing of his appearance before the Board, given his recent conviction and sentence while on parole. Weller is correct that he has a date for parole eligibility, but that date does not mean he will be released on parole then. He committed his crimes after 1989, and he does not have a protected liberty interest. *See Worden v. Montana Bd. of Pardons & Parole*, 1998 MT 168, ¶¶ 41-42, 289 Mont. 459, 962 P.2d 1157 (1998) (noting that prior to 1989, inmates had a liberty interest in parole protected by the due process clause of the federal constitution, due to the mandatory language in § 46-23-201, MCA, which the Montana Legislature later amended). The Board has not violated his due process rights. More than twenty years ago, we explained that the Board has "broad discretion to grant, deny, or condition parole[.]"

2

*McDermott v. McDonald*, 2001 MT 89, ¶ 20, 305 Mont. 166, 24 P.3d 200. "Once lawfully sentenced, however, a prisoner is not entitled to release prior to the completion of his full sentence. Parole, therefore, is a *grant of liberty*." *McDermott*, ¶ 17 (emphasis in original). A condition on parole is *not* a limitation on liberty, unlike a condition on a sentence. *McDermott*, ¶ 17 (emphasis added). Here, the Board has conditioned Weller's parole, limiting his liberty. We point out that Weller will appear next year before the Board.

Habeas corpus affords an applicant an opportunity to challenge collaterally the legality of his present incarceration. Section 46-22-101(1), MCA. Weller has not demonstrated that he is entitled to habeas corpus relief. The Board has the statutory authority, under § 46-23-201(1), MCA (2005), to determine when Weller "'can be released without detriment to [himself] or to the community[.]'" *McDermott*, ¶ 25. Weller has not demonstrated illegal incarceration or restraint. Therefore,

IT IS ORDERED that Weller's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Shawn Howard Weller personally.

DATED this _____ day of September, 2024.

Justices

3